UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 11-11096-RWZ

DORIS GASTINEAU, *an individual*

V.

CHARLES K. GIFFORD, THOMAS J. MAY, BRIAN T. MOYNIHAN,
CHARLES O. HOLLIDAY, JR., MUKESH D. AMBANI, SUSAN S. BIES,
FRANK P. BRAMBLE, SR., VIRGIS W. COLBERT, D. PAUL JONES, JR.,
MONICA C. LOZANO, DONALD E. POWELL, CHARLES O. ROSSOTTI,
ROBERT W. SCULLY, WILLIAM P. BOARDMAN, BARBARA J. DESOER,
KENNETH D. LEWIS AND BANK OF AMERICA CORPORATION

* * * * * * * * * * *

CIVIL ACTION NO. 11-11312-RWZ

JOHN H. COTTRELL, *an individual*

V.

CHARLES K. GIFFORD, THOMAS J. MAY, BRIAN T. MOYNIHAN,
CHARLES O. HOLLIDAY, JR., MUKESH D. AMBANI, SUSAN S. BIES,
FRANK P. BRAMBLE, SR., VIRGIS W. COLBERT, D. PAUL JONES, JR.,
MONICA C. LOZANO, DONALD E. POWELL, CHARLES O. ROSSOTTI,
ROBERT W. SCULLY, WILLIAM P. BOARDMAN, BARBARA J. DESOER,
KENNETH D. LEWIS AND BANK OF AMERICA CORPORATION


ORDER

September 19, 2011

ZOBEL, D. J.

On August 8, 2011, Nominal Defendant Bank of America (the "Bank") filed motions in both of the above captioned cases to transfer venue to the Southern District of New York pursuant to 28 U.S.C. § 1404(a) on the grounds that a previously filed

shareholder derivative suit captioned Cinotto v. Noski, Civ. A. No. 11-024575-WHP (filed in the Southern District of New York), alleges the same or substantially similar claims against the Bank. It contemporaneously moved to stay the proceedings here pending resolution of the venue transfer motion. Plaintiffs have moved to consolidate both actions (the "Boston Actions") and for the appointment of co-lead counsel.[1]

Under 28 U.S.C § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "Obvious concerns arise when actions involving the same parties and similar subject matter are pending in different federal district courts: wasted resources because of piecemeal litigation, the possibility of conflicting judgments, and a general concern that the courts may unduly interfere with each other's affairs. To resolve such tensions, court\s rely primarily on common sense and historical practice." TPM Holdings, Inc. v. Intra-Gold Industries, Inc., 91 F.3d 1, 4 (1st Cir. 2000).  The court must be mindful "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Wiley v. Gerber Products Co., 667 F. Supp. 2d 171, 172 (D. Mass. 2009). It is not necessary to have "100% overlap" or a precise "mirror image" between two cases to transfer. (See  Wiley,  667 F. Supp. 2d at 172 (granting transfer motion in deceptive packaging matter where both cases were "nearly identical" despite invoking the laws of different states and the inclusion in one action of additional

---

[1] Mr. Cottrell has joined in Ms. Gastineau's briefing to the Bank's motion; therefore, they will be referred to jointly as the "plaintiffs."

claims); Biolitec v. AngioDynamics, Inc., 581 F. Supp. 2d 152, 158 (D. Mass. 2008) (granting transfer motion where "the claims in the two cases are not mirror images of one another ... [b]ut the essence of Plaintiff's position in the two suits - is identical"); Pure Distributors, Inc. v. Baker, No. CIV. 99–412–M, 2000 WL 1499472, at *2 (D.N.H 2000) (granting motion to transfer because the related actions "involve[d] many of the same witnesses and documentary exhibits," and finding "it would be both inconvenient to those witnesses and an inefficient use of judicial resources to allow substantially similar actions to proceed in different forums.")).

Here, the Boston Actions and Cinotto are substantially similar matters as to the parties, underlying facts, claims and requested relief.  Plaintiffs argue that the cases are significantly divergent in that Cinotto links certain of the harms alleged to the acquisition of Countrywide Financial Corp. whereas the Boston cases focus on mismanagement of foreclosures. However, all three complaints, at their core, make strikingly similar allegations regarding the faulty servicing of certain residential mortgages handled by the Bank. All three complaints allege, *inter alia*, the Bank's directors and officers failed to allocate adequate resources to ensure the proper handling of residential mortgages, failed to properly maintain records and documentation of residential mortgages, "robo-signed" affidavits in an effort to conceal their poor document management practices, disregarded review and control risks, failed to remediate once problems surfaced and either made or allowed inaccurate and/or misleading statements in public filings. As such all three suits are substantially identical.

In addition, twelve of the sixteen individual defendants in the Boston Actions are also named in the <u>Cinotto</u> complaint creating a high percentage of overlap. Although three of the defendants in the Boston Actions do reside in Massachusetts thirteen do not and one defendant resides in New York– further, it is the Bank that has moved for a change of venue to New York and presumably would not have done so if the venue was inconvenient for the defendants.  Further, neither Ms. Gastineau nor Mr. Cottrell, the sole plaintiffs in the Boston Actions, reside in or near Massachusetts. They are, respectively, residents of Arkansas and Texas.

Plaintiffs also resist transfer because of the alleged similarity between the Boston Actions and <u>In re Bank of America Home Affordable Modification Program (HAMP) Contract Litigation</u>, Civ. A. No. 10 MD 2193 (pending in the District of Massachusetts). However, the multidistrict litigation case is a class action involving contractual claims by homeowners under the Home Affordable Modification Program ("HAMP") against the Bank. The Boston Actions and <u>Cinotto</u> are shareholder derivative suits involving the duties and obligations of the Bank's directors and officers to the corporation and shareholders. These actions share few if any similarities.

Lastly, plaintiffs have argued that the Bank has a strong presence in Boston, yet Bank of America (one of the largest commercial and consumer banks in the United States) undoubtably has a strong presence in nearly all 50 states and, in particular, certainly has an equally strong presence in the Southern District of New York. Therefore, this factor does not weigh in favor of defeating the transfer.

The Bank has sufficiently demonstrated that judicial economy and the interest of

justice is best served by a transfer given the substantial overlap of the issues, parties and relief requested. A transfer will avoid the possibility of divergent, perhaps contradictory, results in these substantially similar cases and prevent duplication of effort on the part of the witnesses and the parties. Because transfer of the Boston Actions to the Southern District of New York is appropriate, the court defers to Judge Pauley on the issues of consolidation and the appointment of co-lead counsel.

Bank of America Corporation's motion to transfer venue is ALLOWED, and the actions are hereby transferred to the United States District Court for the Southern District of New York. Bank of America Corporation's motion to stay proceedings is DENIED AS MOOT. Plaintiffs' motion to consolidate related actions and appoint co-lead counsel is DENIED WITHOUT PREJUDICE.

   September 19, 2011                    /s/Rya W. Zobel
       DATE                             RYA W. ZOBEL
                                       UNITED STATES DISTRICT JUDGE